# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| EDWARD LITTLE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMMISSIONER THOMAS FREDERICK, in his judicial capacity as Commissioner of the 15th Judicial District of Louisiana; CHIEF JUDGE KRISTIAN EARLES, in his official capacity as Chief Judge of the 15th Judicial District of Louisiana; and SHERIFF MARK GARBER, in his official capacity as Sheriff of Lafayette Parish, Louisiana,<br><br>Defendants. | Case No. 6:17-cv-724-EEF-PJH<br>(Class Action)<br><br>Judge Elizabeth Foote<br>Magistrate Patrick Hanna |

## FIRST SUPPLEMENTAL CLASS ACTION COMPLAINT

Plaintiff Edward Little brings this First Supplemental Complaint, on behalf of himself and all others similarly situated, to allege that the following material facts have arisen since the filing of Plaintiff Little's original Complaint on June 5, 2017.

1. Plaintiffs incorporate, by reference, paragraphs 1–64 of the Complaint. (Doc. 1.); Fed R. Civ. P. 10(b)–(c).

### The Sheriff's Tracking Offender Program (S.T.O.P.)

2. Defendant Mark Garber, in his capacity as Lafayette Parish Sheriff, operates several diversion programs to which detainees—both pretrial and sentenced—in the Lafayette Parish Correctional Center ("the jail") can apply. Through these programs, detainees may be released from the jail and, as an alternative to being detained, be permitted to participate in

employment, treatment and other programs in the community, and also possibly to be subject to certain forms of house arrest and GPS monitoring.

3. The Sheriff also operates the *Sheriff's Tracking Offender Program* (S.T.O.P.), which determines a detainee's eligibility for these programs.

4. The Sheriff revised his Policies and Procedures governing the S.T.O.P. program on December 19, 2017, six months after Mr. Little filed his Complaint.

5. Pretrial detainees may apply for S.T.O.P. through computer kiosks located inside the jail.

6. There is no written policy requiring, and the Sheriff does not ensure, that pretrial detainees are informed of S.T.O.P.'s existence or how to apply for it when they are booked into the jail.

7. The diversion programs under the S.T.O.P. umbrella for which pretrial detainees can apply include: the Alternative Sentencing Program, the Outreach Program, and the Transitional Work Program. Some diversion programs entail release from the Sheriff's custody. In other diversion programs, detainees participate while incarcerated in the jail, or from a less-restrictive environment operated by the Sheriff.

8. The Sheriff's staff interview and evaluate applicants to these programs using various assessment forms before selecting the programs within S.T.O.P. for which detainees might be eligible. A supervising Sheriff's deputy then approves or denies a referral to the designated diversion program. Pretrial detainees cannot enter any of the S.T.O.P. diversion programs without the approval of the Sheriff's staff.

9. Eligibility requirements for diversion programs include, but are not limited to, the ability to pay program fees.

10. These fees include, but are not limited to, drug screening fees, GPS monitoring fees, fees for mandatory alcohol- and drug-treatment programs, and fees for telephone monitoring programs.

11. Admission to those diversion programs that allow for a pretrial detainee's release from jail, such as the Alternative Sentencing Program or third-party rehabilitation providers, must be approved by both the supervising Sheriff's deputy and a judge of the 15th Judicial District Court.

12. A judge of the 15th Judicial District Court cannot place a pretrial detainee in a S.T.O.P. diversion program without the referral and approval of the Sheriff.

13. If the Sheriff's S.T.O.P. supervisor denies a pretrial detainee's application for admission to a diversion program, there is no mechanism by which Commissioner Frederick, or any other judge of the 15th Judicial District Court, can review that decision.

14. In his role supervising the screening, selection, and approval for release of pretrial detainees through S.T.O.P. programs in Lafayette Parish, Sheriff Garber acts as a final policymaker for the Lafayette Parish Sheriff's Office.

**Commissioner Frederick's Delegation of Authority for Pretrial Release**

15. As a matter of policy, Commissioner Frederick refuses to consider ordering release on recognizance at the 72-hour hearing. Instead he sometimes advises detainees to apply to S.T.O.P.

16. In February 2018, eight months after Mr. Little filed his Complaint, an arrestee appeared before Commissioner Frederick for a 72-hour hearing via video link from the jail after being arrested on a misdemeanor charge. Commissioner Frederick informed the arrestee that a money-bail amount of $2,500 was required for his release.

17. Upon being asked by the arrestee if release without a money bond was possible, Commissioner Frederick responded that he could apply to S.T.O.P.

18. The arrestee asked what S.T.O.P. was and Commissioner Frederick responded, "The 'S' in the S.T.O.P. program stands for 'Sheriff.' Ask them; it's their program."

19. As a matter of policy, Commissioner Frederick generally will not release someone without money bond unless the Sheriff approves the pretrial detainee for a S.T.O.P. diversion program.

20. In practice, therefore, Commissioner Frederick delegates authority for pretrial release to the Sheriff, who has the power to deny admission to his various diversion programs, without review by Commissioner Frederick or others, and whose approval is required for release into such diversion programs.

## Request for Relief

WHEREFORE, Plaintiffs and the other Class members request that this Court issue the relief previously requested in the original Complaint:

a. An order and judgment preliminarily and permanently enjoining the Defendants from using money bail to detain any person without procedures that ensure an inquiry into and findings concerning the person's ability to pay any monetary amount set and without an inquiry into and findings concerning non-financial alternative conditions of release;
b. A declaratory judgment that the Defendants violate Plaintiffs' constitutional rights by setting secured financial conditions of release without inquiring into or making findings as to whether arrestees can pay the amounts set, and without considering non-financial alternative conditions of release;
c. An order and judgment granting reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and
d. Any other relief this Court deems just and proper.

Respectfully submitted,

*/s/ Eric Foley*
Katie M. Schwartzmann, La. Bar No. 30295
Eric A. Foley, La. Bar No. 34199
Roderick & Solange MacArthur Justice Center
4400 S. Carrollton Ave.
New Orleans, LA 70119
(504) 620-2259 (p)
(504) 208-3133 (f)
katie.schwartzmann@macarthurjustice.org
eric.foley@macarthurjustice.org

*/s/ William P. Quigley*
William P. Quigley, La. Bar No. 07769
7214 Saint Charles Ave
Campus Box 902
New Orleans, LA 70118-3538
Phone: (504) 861-5590
Fax: (504) 861-5440
quigley77@gmail.com

*/s/ Charles Gerstein*
Charles Gerstein D.C. Bar No. 1033346 (*pro hac vice*)
Premal Dharia, D.C. Bar No. 484091 (*pro hac vice*)
Civil Rights Corps
910 17th Street NW, Suite 200
Washington, DC 20006
charlie@civilrightscorps.org
premal@civilrightscorps.org
(202) 670-4809
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2018, I caused a copy of the foregoing document to be served on all parties by the Electronic Case Filing System for the United States District Court for the Western District of Louisiana.

*/s/*
Eric Foley

5