# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| **EDWARD LITTLE** | **CASE NO. 6:17-CV-00724** |
| **VERSUS** | **JUDGE FOOTE** |
| **THOMAS FREDERICK ET AL** | **MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

Currently pending is Sheriff Mark Garber's Motion for Sanctions against plaintiff's counsel, pursuant to Federal Rule of Civil Procedure 11(c)(2), for the filing of the First Supplemental Class Action Complaint. [Rec. Doc. 107]. Plaintiff Edward Little, on behalf of himself and all others similarly situated, filed an opposition [Rec. Doc. 109], to which Sheriff Garber replied [Rec. Doc. 110]. The motion was referred to the undersigned for review, report, and recommendation, in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Oral argument was held on August 23, 2018. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the undersigned recommends that the motion be denied.

## The Contentions of the Parties

Sheriff Garber moves, pursuant to Federal Rule of Civil Procedure 11(c)(2), for the imposition of sanctions upon, and recovery of attorney's fees from, the

plaintiff's attorneys for the filing of the First Supplemental Class Action Complaint, as well as the filing of the instant motion for sanctions, for the following reasons.[1] First, the sheriff states that the supplemental complaint was filed after the undersigned had recommended dismissal of the original complaint against the sheriff and after the Fifth Circuit's original opinion in *ODonnell v. Harris Cty., Texas*, 882 F.3d 528 (5th Cir.) ("*ODonnell I*"), *withdrawn and superseded on rehearing*, 892 F.3d 147 (5th Cir. 2018) ("*ODonnell II*"). Second, the sheriff argues that the supplemental complaint is limited to allegations surrounding the Sheriff's Tracking Offender Program ("STOP"), which is a work release and rehabilitation program that does not give rise to any rights which might support a claim under 42 U.S.C. § 1983. Sheriff Garber asserts that the supplemental complaint was therefore frivolous, not warranted by existing law or supported by any nonfrivolous argument for a change in the law, and presented solely for the purpose of delaying the sheriff's dismissal, thereby needlessly increasing his costs.

The plaintiff's attorneys not only oppose the motion but seek recovery of their own attorneys' fees incurred in responding thereto. They emphasize that the supplemental complaint was filed with leave of court, over the sheriff's opposition, and in response to the district court's indication that it was "inclined to agree" with

---

[1] Specifically, Sheriff Garber names attorneys Eric Foley, William P. Quigley, and Charles Gerstein, as the attorneys whose signatures are attached to the relevant pleading.

the undersigned's recommendation "regarding Plaintiff's *Monell* claim against the Sheriff under 42 U.S.C. § 1983[,]" in light of *ODonnell I*.[2] They argue that the supplemental complaint was properly filed after "discovering further evidence of Sheriff Garber's liability," *i.e.* the details of STOP, as outlined in the policies and procedures revised in December 2017, which allegedly demonstrate that the sheriff exercises discretion over who remains incarcerated.[3] In doing so, they confirm that the asserted constitutional deprivation remains grounded in the Fourteenth Amendment's due process and equal protection clauses rather than any property or liberty interest in a work-release program such as STOP. Accordingly, the plaintiff's attorneys argue that the supplemental complaint asserts meritorious claims against the sheriff as both a state actor and a municipal policymaker and was filed with leave of court, on the basis of sound legal arguments, rather than for any improper purpose.

## Law and Analysis

### A.    Rule 11 Standards

Under Rule 11(c)(1), "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."[4] Rule 11(b) provides:

---

[2] Rec. Doc. 71, p. 1. Again, *ODonnell I* has since been withdrawn and superseded.
[3] Rec. Docs. 109, p. 8 and 76, p. 2,
[4] Fed. R. Civ. P. 11(c)(1).

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[5]

A violation of any subpart justifies sanctions as each provides an independent basis for sanctions.[6]

Although decided before the 1993 amendments to Rule 11, in *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 874 (5th Cir. 1988) (en banc), the Fifth Circuit stated:

---

[5] Fed. R. Civ. P. 11(b). Rule 11(c)(2) provides the requirements for the separate filing, content, and service of the motion for sanctions, as well as the safe harbor provisions. Plaintiff's counsel acknowledge that they were served with notice of the instant motion more than twenty-one (21) days before the filing thereof. Rec. Doc. 109, p. 7 n. 2. This Court finds that the sheriff complied with the letter, if not the spirit, of Rule 11(c)(2).
[6] *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796,802-04 (5th Cir. 2003) (en banc); *F.D.I.C. v. Maxxam*, 523 F.3d 566, 577 (5th Cir. 2008).

> [A] construction of Rule 11 which evaluates an attorney's conduct at the time a "pleading, motion, or other paper" is signed is consistent with the intent of the rulemakers and the plain meaning of the language contained in the rule. Like a snapshot, Rule 11 review focuses upon the instant when the picture is taken—when the signature is placed on the document.

*Thomas*'s "snapshot" rule ensures that Rule 11 liability is assessed only for a violation existing at the moment of filing.[7]

In deciding whether a pleading has been filed for any improper purpose under Rule 11(b)(1), "the standard under which the attorney is measured is an *objective, not subjective*, standard of reasonableness under the circumstances."[8]   If "it is objectively ascertainable that an attorney submitted a paper to the court for an improper purpose[,]" even if the paper contains nonfrivolous representations or papers well-grounded in fact and law, sanctions may still be warranted.[9] "Accordingly, an attorney's good faith will not, by itself, protect against the imposition of Rule 11 sanctions."[10] To determine whether a party pursued an illegitimate purpose to increase costs or harass a party, the court must identify "unusual circumstances" that support an inference of such purposes by looking to

---

[7] *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 570 (5th Cir. 2006).

[8] *Jenkins v. Methodist Hospital of Dallas, Inc.*, 478 F.3d 255, 264 (5th Cir. 2007) (en banc) (quoting *Whitehead*, 332 F.3d at 802) (quoting *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994))(emphasis in original)).

[9] *Whitehead*, 332 F.3d at 805; *see also Maxxam*, 523 F.3d at 584 (quoting *National Ass'n of Government Employees, Inc. v. National Federation of Federal Employees*, 844 F.2d 216, 224 (5th Cir. 1988) ("we do not hold that the filing of a paper for an improper purpose is immunized from Rule 11 sanctions simply because it is well grounded in fact and law.")).

[10] *Jenkins*, 478 F.3d at 264 (citing *Childs*, 29 F.3d at 1024) (emphasis in original).

"objectively ascertainable circumstances rather than subjective intent[.]"[11] "If a reasonably clear legal justification can be shown for the filing of the paper in question, no improper purpose can be found and sanctions are inappropriate."[12]

In determining whether an individual has complied with his or her obligations of reasonable inquiry into the facts, the court may look to a number of factors, including:

> the time available to the signer for investigation; the extent of the attorney's reliance upon his client for the factual support for the document; the feasibility of a prefiling investigation; whether the signing attorney accepted the case from another member of the bar or forwarding attorney; the complexity of the factual and legal issues; and the extent to which development of the factual circumstances underlying the claim requires discovery.[13]

"As to the determination of whether a reasonable inquiry into the law has been made, a district court may consider the time available to the attorney to prepare the document; the plausibility of the legal view contained in the document; the pro se status of a litigant; and the complexity of the legal and factual issues raised.[14]

As to the type of sanction imposed under Rule 11, the court "should utilize the sanction that furthers the purposes of Rule 11 and is the least severe sanction

---

[11] *Maxxam*, Inc., 523 F.3d at 585-86 (citations omitted).
[12] *Maxxam*, 523 F.3d at 585 (quoting *National Ass'n of Government Employees*, 844 F.2d at 224 (internal citation omitted)).
[13] *Thomas*, 836 F.2d at 875.
[14] *Id*. at 875-76.

adequate to such purpose."[15] "On the other hand, sanctions should be 'sufficient to deter repetition of [similar] conduct.'"[16]

## B.    Sanctions are not Warranted

In a separate report and recommendation, issued contemporaneously herewith, the undersigned has fully fleshed out both the factual and procedural background applicable to the instant motion and therefore will not repeat that background herein. In that ruling, the undersigned recommends granting both the sheriff's motion to dismiss the supplemental complaint and his re-urged motion to dismiss the original complaint, insofar as those motions sought dismissal under Rule 12(b)(6). Recognizing that those recommendations are subject to the district court's approval, the issuance thereof plays a significant role in addressing a majority of the arguments made in connection with the instant motion. As the undersigned noted at the outset of the hearing on August 23, 2018, both the instant motion and response thereto have been used as vehicles for rearguing the merits of the issues underlying the motions to dismiss and supplemental complaint, respectively.[17] While some degree of merging between allegedly sanctionable conduct and the underlying merits may be expected in connection with a Rule 11 motion, the seamless and

---

[15] *Jenkins*, 478 F.3d at 265 (quoting *Thomas*, 836 F.2d at 878).

[16] *Id.* (quoting Fed. R. Civ. P. 11(c)(2), now Rule 11(c)(4)).

[17] During oral argument, it was obvious to this Court that counsel on both sides of the pending issues feel strongly – the sheriff about the merits of the instant motion for sanctions and frivolity of the supplemental complaint, and the plaintiff about the merits of the supplemental complaint and impropriety of the motion for sanctions.

comprehensive nature of the overlap in this case clearly indicates to the undersigned that sanctions are not warranted herein.

In connection with the report and recommendation on the sheriff's motions to dismiss, the undersigned discussed in some detail the ongoing nature of the *ODonnell* appeal and the parties briefing as it relates thereto. The parties disagree as to the applicability of the various rulings contained in both the district court's and the Fifth Circuit's rulings in *ODonnell*; however, regardless of the parties' relative positions, *ODonnell* clearly indicates the timely and relevant nature of this litigation and the plethora of competing interests and legal issues involved herein. As the Fifth Circuit acknowledged in *ODonnell II*, the underlying district court ruling "comprised over 120 pages of factual findings, including not only the specific details of [Harris County Texas's] bail-setting procedures, but also the history of bail and *recent reform attempts nationwide*."[18] While *ODonnell* may ultimately prove to be distinguishable from the instant case in material ways, both the undersigned and the district court herein have indicated their recognition of the *ODonnell* appeal's *potential* applicability to this case or portions thereof. Although the undersigned has now concluded that *ODonnell II* supports the sheriff's dismissal, the timing of that decision cuts harder against the sheriff's decision to file the instant motion than it does against the plaintiff's decision to seek leave to file the supplemental complaint.

---

[18] *ODonnell v. Harris Cty.* ("*ODonnell II*"), 892 F.3d 147, 153 (5th Cir. 2018) (emphasis added).

As explained herein, *Thomas*'s "snapshot" rule ensures that Rule 11 liability is assessed only for a violation existing at the moment of filing. At the time that plaintiff's counsel filed the motion for leave to file the supplemental complaint, they had before them the district court's clear indication that it was "inclined" to adopt the undersigned's conclusion as to the sheriff's *Monell* liability but that there was at least some lack of clarity as to the sheriff's status in this case, following the Fifth Circuit's original opinion in *ODonnell I*.[19] In light thereof, and in consideration of the ongoing nature of the *ODonnell* appeal and the many, varied legal issues at play in *this* litigation, the undersigned finds that sanctions would be inappropriate in this case. As the Fifth Circuit has recognized, "misapplication of Rule 11 can chill counsel's 'enthusiasm and stifle the creativity of litigants in pursuing novel factual or legal theories,' contrary to the intent of its framers."[20]

Although, as indicated in the report and recommendation on the sheriff's motions to dismiss, the undersigned finds that the sheriff is subject to dismissal from this case, that conclusion was not based on the frivolity of any independent allegation of a constitutional deprivation arising from STOP itself. Indeed, the plaintiff has made clear that he made no such argument. Even though the additional allegations did not change the undersigned's ultimate recommendation from that which was

---

[19] *See* Rec. Doc. 71, pp. 1-2.
[20] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 794 (5th Cir. 1993) (quoting *Thomas*, 836 F.2d 885).

previously issued on the sheriff's original motion to dismiss,[21] it does not follow that the plaintiff's filing of the supplemental complaint was frivolous. Again, "[c]ourts have a duty to impose the least severe sanction that is sufficient to deter future conduct."[22] "A sanction under Rule 11 is 'an extraordinary remedy, one to be exercised with extreme caution.'"[23] Having considered the motion and had the opportunity to discuss the propriety of both sides' positions during oral argument,[24] the undersigned finds that the issuance of sanctions is neither appropriate nor necessary to deter any future conduct. Likewise, the plaintiff's request for attorney's fees should be denied.

## <u>Conclusion</u>

For the foregoing reasons, and based on the record, the applicable law, and the arguments of the parties, it is the recommendation of the undersigned that Sheriff Mark Garber's Motion for Sanctions under Rule 11 [Rec. Doc. 107] be DENIED. It is further recommended that the plaintiff's request for attorney's fees under Rule 11(c)(2) be DENIED.

---

[21] *See* Rec. Doc. 59.

[22] *Mark's Airboats, Inc. v. Thibodaux*, No. 13-0274, 2015 WL 1467097, at *2 (W.D. La. Mar. 27, 2015) (Haik, J.) (citing Fed. R. Civ. P. 11(c)(4); *Mendoza v. Lynaugh*, 989 F.2d 191, 196 (5th Cir. 1993)).

[23] *Id*. (quoting *SortiumUSA, LLC v. Hunger*, No. 11-cv-1656, 2014 WL 1080765, *3 (N.D. Tex. Mar. 18, 2014)).

[24] Simultaneous with oral argument on the motion for sanctions, the undersigned held a Rule 16 conference with all counsel, in connection with the instant motion, as well as the briefing regarding the sheriff's motion for a protective order, seeking to quash depositions. *See* Rec. Docs. 121, 117; and 115, 118, 119, and 120.

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana this 29th day of August, 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE