# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **EDWARD LITTLE, ET AL.** | * | **CIVIL ACTION NO. 6:17-0724** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **THOMAS FREDERICK, ET AL.** | * | **MAG. JUDGE PATRICK J. HANNA** |

# RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 133] filed by Defendant Thomas Frederick ("Frederick") and a Motion for Partial Summary Judgment [Doc. No. 140] filed by Plaintiffs Edward Little ("Little") and Sheila Ann Murphy ("Murphy"). The motions are fully briefed. *See* [Doc. Nos. 149, 150& 154].

For the following reasons, the motions are DENIED.

## I.     FACTS AND PROCEDURAL HISTORY

Little and Murphy brought this lawsuit against Frederick, Commissioner of the Fifteenth Judicial District Court, and Judge Kristian Earles, Chief Judge of the Fifteenth Judicial District Court.[1]

Little was arrested on June 3, 2017, on a charge of felony theft and detained in the Lafayette Parish Correctional Center. The following day, Frederick determined probable cause for his arrest and set his bail as a $3,000 secured bond. Little could not afford to pay that amount remained incarcerated until June 10, 2017.

Murphy was arrested on February 3, 2018, on a charge of felony possession of narcotics

---

[1]Plaintiffs also brought suit against Sheriff Mark Garber, but he was recently dismissed as a Defendant. [Doc. No. 144].

and two related misdemeanors. She was detained at the Lafayette Parish Correctional Center. Frederick determined probable cause for Ms. Murphy's arrest and set her bail as a $2,500 secured bond. She then appeared via closed-circuit television at a 72-hour hearing before Frederick, during which he affirmed the bond amount. Murphy could not afford that amount of bond and remained incarcerated until February 10, 2018.

Frederick makes the initial bail determinations for all arrestees in Lafayette, Vermillion, and Acadia Parishes. Before February 2018, a bail schedule governed the release of certain misdemeanor offenses, meaning that Lafayette Parish Sheriff's deputies would refer to a predetermined list of bond amounts, organized by offense, to determine the conditions of an arrestee's pretrial release. The most recent bail schedule was ordered by Judge Earles in 2013.

In February 2018, the judges of the Fifteenth Judicial District issued an en banc order rescinding the previous schedule and replacing it with an order requiring the Sheriff to automatically release with a summons all persons arrested on certain misdemeanor charge unless it was their third arrest within six months. All other misdemeanor arrestees were to have their bonds set in the same manner as felony arrestees.

In August 2018, the en banc order was revised to list all misdemeanor charges for which there would not be an automatic release with a summons, directing the Sheriff to release all others unless it was their third arrest within six months. All persons arrested for the misdemeanors listed on the order would have their bonds set in the same manner as felony arrestees.

In general, the parties do not dispute Frederick's past and current procedures for setting bond amounts. However, Plaintiffs contend that Frederick does not take the financial conditions of arrestees into account, while Frederick denies this contention and further points out that, with regard to felony bonds, he does not have the authority to reduce those bonds.

On October 26, 2018, Frederick filed a Motion for Partial Summary Judgment [Doc. No. 133]. Although the motion was filed only by Frederick, he moves for partial summary judgment against the "Juridical Defendants."

On October 30, 2018, Plaintiffs filed a Motion for Summary Judgment [Doc. No. 140].

On November 16, 2018, Plaintiffs filed an opposition memorandum to Frederick's motion.

On November 19, 2018, Frederick and Earles filed an opposition memorandum to Plaintiffs' motion.

On November 28, 2018, with leave of Court, Plaintiffs filed a reply memorandum in support of their motion.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court

must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

### B. Analysis

The Court has carefully considered the memoranda and the factual presentations of the parties. In order to give the issues in this case complete and fair consideration, the Court finds that certain issues raise credibility determinations, particularly surrounding Frederick's explanation of whether he considered the financial condition of arrestees and the way bonds are handled since the en banc orders of the Fifteenth Judicial District Court. Under these circumstances and given the recent reassignment of this case, the Court finds that the interests of justice require a bench trial on Plaintiffs' claims. Accordingly, the Court will deny both motions for summary judgment and will consider these matters at a bench trial.

However, it is not the intent of the Court to unnecessarily cause costs or expenses to the parties. To the extent that the parties can stipulate to testimony and/or the admission of evidence, the Court encourages them to do so.

### C. Remaining Relief Sought

Based on Plaintiffs' memoranda, the Court understands that they no longer seek injunctive relief or attorneys' fees, but seek only a declaratory judgment. As these claims were made in their pleadings originally, the Court considers them withdrawn. If the Court's understanding is incorrect, Plaintiffs should file a memorandum stating that they do intend to proceed with the claims for injunctive relief and attorneys' fees no later than December 17, 2018.

### D. Issues to be Briefed Before Trial

At least one month prior to the trial, the parties are required to brief the issues of constitutional mootness with regard to any of Plaintiffs' allegations. Specifically, the Court

expects counsel to brief whether the en banc order and its subsequent application rendered any of Plaintiffs' claims moot.

Additionally, the Court and all parties are familiar with the *O'Donnell* decisions issued by the United States Court of Appeals for the Fifth Circuit. No later than one month prior to the pre-trial conference, counsel should also brief whether the fact that Plaintiffs were charged with felonies has any effect on the analysis under *O'Donnell* I and II.

## III. CONCLUSION

For the foregoing reasons, Frederick's Motion for Summary Judgment [Doc. No. 133] and Plaintiffs' Motion for Partial Summary Judgment [Doc. No. 140] are **DENIED.** Consistent with the Court's Ruling, no later than one month prior to the pre-trial conference, the parties must file pre-trial memoranda on the issues of mootness and the implications of Plaintiffs' felony charges on the *O'Donnell* analysis. Finally, the Clerk of Court is instructed to issue an abbreviated scheduling setting this matter for a bench trial in due course, setting a pre-trial conference before Magistrate Judge Hanna, and setting a deadline for motions in limine and pre-trial submissions.

MONROE, LOUISIANA, this 3rd day of December, 2018.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE