UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **EDWARD LITTLE, ET AL.** | * | **CIVIL ACTION NO. 6:17-0724** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **THOMAS FREDERICK, ET AL.** | * | **MAG. JUDGE PATRICK J. HANNA** |

**RULING**

Pending before the Court is a Motion in Limine [Doc. No. 147] filed by Defendants Thomas Frederick and Judge Kristian Earles. Plaintiffs Edward Little and Sheila Ann Murphy filed a memorandum in opposition to the motion. [Doc. No. 158].

For the following reasons, the motion is DENIED.

Defendants move the Court to exclude the testimony of Plaintiffs' expert witness, the Honorable Truman A. Morrison, III. Judge Morrison intends to offer testimony on the bail system in the Fifteenth Judicial District based on his years of experience in the D.C. Superior Court and also as an expert in -pretrial systems across the country. Defendants do not challenge Judge Morrison's qualifications or the reliability of his testimony, only the relevance.

The admissibility of expert testimony is considered under Federal Rule of Evidence 702. The district court's role in applying Rule 702 is that of a gatekeeper. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). The Court must consider whether the witness is qualified as an expert by knowledge, skill, experience, training, or education. *See Moore v. Ashland Chemical, In*c., 126 F.3d 679, 684 (5th Cir. 1997). The Court then determines whether the proffered testimony will assist the trier of fact in understanding the evidence or determining a factual issue in dispute. *See id.*

In this case, Defendants concede that Judge Morrison is qualified. Indeed, they acknowledge that he is a "renowned legal scholar and experienced practitioner of law." [Doc. No. 147, p. 3]. Thus, the Court turns to the *Daubert* analysis.

As gatekeeper, the Court must apply a two-step analysis. First, the Court considers whether the proffered testimony is relevant by assessing whether the underlying reasoning or methodology can be properly applied to the facts at issue. *Daubert*, 509 U.S. at 589. Second, the Court considers whether the proffered testimony is reliable by assessing whether the reasoning or methodology underlying the testimony is scientifically valid. *Id.* In this analysis, the Court should focus on the expert's principles and methods used, and not on the conclusions generated. The Court keeps in mind, however, that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means [of the adversarial system] of attacking shaky but admissible evidence." Id. at 596.

Again, Defendants concede that the testimony is reliable, so the Court's only inquiry is to the relevance of the testimony. The Court finds that it is. While it is true that the undersigned has familiarity with bail procedures as a former state court judge, Judge Morrison can offer testimony of the types of bail procedures across the country, what is effective (in his opinion), and what is not. The Court finds that this testimony is relevant to determining the constitutionality of the bail procedures in the Fifteenth Judicial District Court.

Therefore, Defendants' Motion in Limine is DENIED.

MONROE, LOUISIANA, this 10th day of December, 2018.

                                                TERRY A. DOUGHTY
                                       UNITED STATES DISTRICT JUDGE