# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | | |
|---|---|---|
| **EDWARD LITTLE, ET AL.** | * | **CIVIL ACTION NO. 6:17-0724** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **THOMAS FREDERICK, ET AL.** | * | **MAG. JUDGE PATRICK J. HANNA** |

## RULING

Pending before the Court is Plaintiffs' Motion for Partial Final Judgment [Doc. No. 163]. Defendants oppose the motion. [Doc. Nos. 167 & 168]. Plaintiffs filed a reply [Doc. No. 169] in support of the motion. For the reasons set forth herein, Plaintiffs' motion is DENIED.

### I. FACTS AND PROCEDURAL BACKGROUND

This is a dispute over the bail procedures in the Fifteenth Judicial District. Plaintiffs were both arrested and then detained at the Lafayette Correctional Center. They could not afford the secured bond amounts set in their cases and, therefore, remained in detention.

They brought suit against Defendants Thomas Frederick, Commissioner of the Fifteenth Judicial District Court, Judge Kristian Earles, Chief Judge of the Fifteenth Judicial District Court ("Judicial Defendants"), and Lafayette Parish Sheriff Mark Garber ("Garber").

On July 3, 2017, Garber filed a Motion to Dismiss [Doc. No. 18].

On July 17, 2017, the Judicial Defendants filed a Motion to Dismiss [Doc. No. 26].

After briefing was complete, Magistrate Judge Hanna issued Reports and Recommendations on the pending motions to dismiss. [Doc. Nos. 58 & 59]. He recommended that the Court grant in part and deny in part as to each motion. With regard to the Judicial Defendants, on December 6, 2017, Magistrate Judge Hanna recommended that the Court grant

the motion to the extent that they sought dismissal of all Plaintiffs' equal protection claims, as well as Plaintiffs' due process claims against Earles. [Doc. No. 58]. He further recommended that the Court deny the motion to the extent that the Judicial Defendants sought dismissal of Plaintiffs' due process claims against Frederick. *Id.*

With regard to Garber, on December 11, 2017, Magistrate Judge Hanna recommended the Court grant the motion to the extent that he sought dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), but denied to the extent that he sought dismissal pursuant to Rule 12(b)(1). Magistrate Judge Hanna found that the claims against Garber, who was named only in his official capacity, should be dismissed because Plaintiffs' allegations "do not establish that Sheriff Garber's policy is the moving force for the alleged constitutional violations." [Doc. No. 58, p. 19].

After the time period for objections, on March 6, 2018, the Court adopted the Report and Recommendation in part and denied Garber's Motion to Dismiss [Doc. No. 79]. The Court noted that since the issuance of the Report and Recommendation, Plaintiffs' Complaint was amended.

On March 8, 2018, the Court also denied the Judicial Defendants' Motion to Dismiss [Doc. No. 81].

On March 27, 2018, Garber filed a second Motion to Dismiss [Doc. No. 89]. While the second Motion to Dismiss was pending, Garber also filed a Motion for Sanctions [Doc. No. 107].

After briefing was complete, in August 2018, Magistrate Judge Hanna issued Reports and Recommendations [Doc. Nos. 122 & 123] on Garber's pending motions. He recommended that the re-urged Motion to Dismiss be granted in part, to the extent that Garber sought dismissal of

the claims against him under Rule 12(b)(6). [Doc. No. 122]. Magistrate Judge Hanna recommended denial of the Motion for Sanctions. [Doc. No. 123].

After the time period for objections and responses, the Court adopted Magistrate Judge Hanna's Reports and Recommendations on both motions. [Doc. Nos. 144 & 145]. As a result, Plaintiffs' claims against Garber were dismissed with prejudice.

On October 2018, Plaintiffs filed a Motion for Partial Summary Judgment [Doc. No. 131] against Garber.

On October 26, 2018, Frederick filed a Motion for Partial Summary Judgment [Doc. No. 133]. Although the motion was filed only by Frederick, he moves for partial summary judgment in favor of both Judicial Defendants.

On October 30, 2018, Plaintiffs filed a Motion for Summary Judgment [Doc. No. 140] against the Judicial Defendants.

On November 14, 2018, after having dismissed the claims against Garber, the Court issued an Order [Doc. No. 146] denying Plaintiffs' Motion for Partial Summary Judgment against Garber [Doc. No. 131] as moot.

After briefing was complete, on December 3, 2018, the Court issued a Ruling and Order [Doc. Nos. 155 & 156] denying the remaining dispositive motions [Doc. Nos. 133 & 140].

On December 21, 2018, Plaintiffs filed the instant Motion for Partial Final Judgment [Doc. No. 163]. On January 4, 2019, Garber filed an opposition memorandum. [Doc. No. 167]. On January 8, 2019, the Judicial Defendants filed an opposition memorandum. [Doc. No. 168]. On January 11, 2019, Plaintiffs filed a reply memorandum in support of their motion. [Doc. No. 169].

The motion is ripe.

## II. LAW AND ANALYSIS

### A. STANDARD OF REVIEW

Federal Rule of Civil Procedure Article 54(b) states in pertinent part as follows:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties **only if the court expressly determines that there is no just reason for delay**. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all of the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

[emphasis added].

When deciding whether to certify a judgment under Rule 54(b), a court must make two determinations: (1) that it is dealing with a "final judgment" (an ultimate disposition of an individual claim); and (2) whether any just reason for delay exists. *Briargrove Shopping Center Joint Venture v. Pilgrim Enters, Inc.* 170 F.3d 536 (5th Cir. 1999). There is no question that the decision qualifies as a "final judgment," as the decision dismissed all claims against Defendant Garber.

The primary question in this matter is whether there is any "just reason for delay."

Rule 54(b) reflects a balancing of two policies: (1) avoiding the danger of hardship or injustice or delay which would be alleviated by immediate appeal and (2) avoiding piecemeal appeals. *Eldredge v. Martin Marietta Corp.,* 207 F.3d 737 (5th Cir. 2000).

In determining whether the dismissal qualifies the court looks at a number of factors. A court should consider such factors as: (1) the relationship between adjudicated and the un-adjudicated claims; (2) the possibility that the need for review might or might not be mooted by

4

future developments in the district court; (3) the possibility that the reviewing court might be obligated to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; and (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like. *Akers v. Alvey,* 338 F.3d 491 (6th Cir. 2003).

Additionally, a district court should grant certification only when there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal. It should not be entered routinely as a courtesy to counsel. Unrestrained application of Rule 54(b) is strongly disfavored. *PYCA Indus. Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.,* 81 F.3d 1412 (5th Cir. 1996).

Plaintiffs argue that there is no just reason for delay because Garber was dismissed as a Defendant on the basis that he may not be enjoined in his official capacity unless Plaintiffs plead that he is a policymaker under *Monell*. They contend that "there are no overlapping factual or legal issues between the dismissal of the Sheriff and the case against Judicial Defendants." [Doc. No. 163, p. 2].

Garber, joined by the Judicial Defendants, responds that Plaintiffs claim that the judges of the Fifteenth Judicial District Court are violating the constitutional rights of "impoverished arrestees when setting bail they cannot afford, and that the Sheriff should be enjoined from enforcing such bail orders." [Doc. No. 167, p. 2]. Therefore, Garber argues that the claims against all Defendants are intertwined, even if the basis for the dismissal of Garber is particular to him.

5

## B. LEGAL ANALYSIS

This Court finds that it would be inappropriate at this time to designate its November 14, 2018 Judgment [Doc. No. 144] as a final judgment. Federal courts strongly disfavor piecemeal appeals, Rule 54(b) judgments should only be used in the infrequent harsh case. *Kirtland v. J. Ray McDermott & Co.,* 568 F.2d 1166 (5th Cir. 1978). Although the claims against Garber were dismissed under *Monell*, Plaintiffs' claims against Garber are contingent on their proving a constitutional violation against the Judicial Defendants. To allow this matter to be addressed on appeal at this time would be inefficient in that there would be an appeal of an issue that may never have to be decided. If Plaintiffs are not able to prove their claim, or if their claim is settled, these issues would never have to be appealed. Finally, this matter is set for a bench trial in August of this year. Even if the Judgment dismissing Garber were certified for appeal, and the United States Court of Appeals for the Fifth Circuit accepted the appeal, this case is likely to be tried around the same time an appeal could be heard. It may never be necessary to reach this issue at all, and this Court believes it is in the interest of judicial economy to wait until the entire matter is resolved for any appeal.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Final Judgment is DENIED.

Monroe, Louisiana, this 15th day of January, 2019.

_____
TERRY A. DOUGHTY, JUDGE
UNITED STATES DISTRICT COURT